UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRST AMERICAN BANK, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 09 cv 4608 |
| v. | ) ) Judge John W. Darrah |
| COMMUNITECH, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, First American Bank, as trustee for the CommuniTech Inc. 401(k) Plan & Trust (the "Plan"), brought this action against Defendant CommuniTech, Inc. ("CommuniTech"), asserting a violation of the Employee Retirement Income Security Act of 1974 ("ERISA") by CommuniTech. Before the Court is Plaintiff's Motion for Summary Fudgment against CommuniTech.

## BACKGROUND

Plaintiff is the trustee of the Plan. (Pl.'s Rule 56.1 ¶ 1.) CommuniTech is the administrator and named fiduciary of the Plan, which is governed by ERISA. (*Id.* ¶ 2-3.) Melissa A. Vokoun was an employee of CommuniTech and a Plan participant. (*Id.* ¶¶ 11-12.)

On February 12, 2005, CommuniTech terminated the employment of Vokoun. (*Id.* ¶ 13.) CommuniTech, as the Plan administrator, was to direct Plaintiff, as the trustee, to commence distribution of a participant's vested account balance upon the participant's separation from service. (*Id.* ¶ 15.) As soon as it was administratively practical, CommuniTech was to instruct Plaintiff to make the distribution immediately following severance from employment. (*Id.* ¶ 16.) Only CommuniTech could direct distributions, and Plaintiff was obligated to make distributions only as CommuniTech directed. (*Id.* ¶¶ 2-3.) Plaintiff asked CommuniTech to direct Plaintiff to make a distribution to Vokoun. (*Id.* ¶ 18.) CommuniTech refused to make the distribution to Vokoun because it claimed that

the funds in the subject account were the product of Vokoun's improper conduct, and she would not be entitled to obtain any such funds until the issues relating to her conduct were resolved. (*Id.* ¶ 19.)

## LEGAL STANDARD

Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). Although the movant has the burden of showing that there is no genuine issue of material fact, the non-moving party may not rest upon mere allegations or denials of his pleading and must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). When ruling on a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, the court must view all inferences to be drawn from the facts in a light most favorable to the opposing party. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999).

## ANALYSIS

Plaintiff argues that the Court should grant its Motion for Summary Judgment because CommuniTech does not dispute any issues of material fact.

*CommuniTech's Withholding of Vokoun's Vested Retirement Benefits*

In its answer to the Complaint, CommuniTech alleges that Vokoun should not be entitled to receive the funds until the issues relating to her claimed misconduct are resolved. (Def.'s Answer ¶ 22.) Plaintiff claims that Vokoun is entitled to receive her vested retirement benefits even if she engaged in improper conduct while an employee at CommuniTech. Plaintiff asserts that ERISA prevents the enforcement of "bad boy" clauses used by employers, such as CommuniTech, to withhold retirement benefits from employees who were terminated for unethical behavior. *Winer v. Edison Bros. Stores Pension Plan*, 593 F.2d 307, 311 (8th Cir. 1979). CommuniTech offers no case law to support its withholding of Vokoun's vested benefits for her allegedly harmful actions toward the company.

2

ERISA prohibits the forfeiture of accrued benefits regardless of whether the employee acted unethically. *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990) ("*Guidry*"). The Seventh Circuit has allowed former employees who have committed criminal misconduct or employee misfeasance to obtain vested ERISA benefits. *Fremont v. McGraw-Edison Company*, 606 F.2d 752, 758 (7th Cir. 1980). Therefore, even if Vokoun engaged in improper conduct while she was employed, CommuniTech cannot withhold her vested retirement benefits. *Guidry*, 493 U.S. at 376.

*CommuniTech's Request to Freeze Vokoun's Vested Retirement Benefits*

In its response to Plaintiff's Motion for Summary Judgment, CommuniTech states that it does not seek a forfeiture of Vokoun's entire account at this time. (Def.'s Resp. to Pl.'s Mot. for Summ. J. ¶ 11.) However, it argues that the Court should interplead all of the funds in the account until a state court judge can determine what amount rightfully belongs to Vokoun. (*Id.* ¶¶ 13-14.) Plaintiff counters that placing a freeze on Vokoun's vested retirement benefits would violate ERISA's anti-alienation provision. The Plan provides that neither a participant nor a beneficiary may anticipate, assign or alienate (either in law or in equity) any benefit under the Plan, and the trustee will not recognize any such anticipation, assignment or alienation. CommuniTech fails to provide any authority in its response that would support a freeze of Vokoun's vested retirement benefits by the Court.

Under ERISA, each pension plan shall provide that benefits provided under the plan may not be assigned or alienated. 29 U.S.C. § 1056(d)(1). There are no generalized equitable exceptions to ERISA's prohibition on the assignment or alienation of pension benefits even if others are prevented from securing relief for wrongs done to them. *Guidry*, 493 U.S. at 376. Even if CommuniTech prevails in its state-court case against Vokoun, it cannot prevent distribution of the funds to her account. Accordingly, CommuniTech's request to freeze Vokoun's pension benefits until the resolution of its state-court litigation is denied.

*Attorney's Fees*

Plaintiff argues the CommuniTech should pay its reasonable attorney's fees. Plaintiff asserts that it repeatedly asked CommuniTech to make the distribution under the terms of the Plan and that it only brought this action after CommuniTech ignored its requests. (Pl.'s Rule 56.1 ¶ 18.) CommuniTech states that there is no justification for it to pay Plaintiff's attorney's fees because it has paid Plaintiff's bills for legal services since the commencement of litigation. (Def.'s Resp. to Pl.'s Mot. for Summ. J. ¶¶ 10-11.)

In any action under ERISA by a participant, beneficiary, or fiduciary, the court, in its discretion, may allow reasonable attorney's fee and costs of action to either party. 29 U.S.C. § 1132(g)(1). Thus, the decision whether to award fees under ERISA is discretionary. *Davis v. Municipal Employees Credit Union*, 891 F.2d 182, 184 (7th Cir. 1989). Although CommuniTech may have paid some of Plaintiff's attorney's fees, it does not mean that Plaintiff cannot seek an award of further payment from the Court for unpaid fees related to the prosecution of this suit. Plaintiff is granted leave to file a petition for fees within 21 days of this Order.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment is granted. CommuniTech is hereby ordered to make a distribution of Vokoun's vested retirement benefits. The matter is set for status on September 7, 2010, at 9:30 a.m.

Dated: 8-11-10

JOHN W. DARRAH
United States District Court Judge